UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RICHARD ALAN KING, a/k/a WILLIAM KEEGAN, ) ) ) | | |
| Petitioner, ) | Civil No. 12-172-GFVT | |
| ) V. ) ) | | |
| ) RICHARD IVES, ) ) | **MEMORANDUM OPINION & ORDER** | |
| Respondent. ) | | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Richard Alan King is an inmate incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, King has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to quash a detainer filed against him by the State of Florida. [R. 1.] Alternatively, King seeks to enforce his right to a speedy trial on the state charges underlying the Florida detainer. King has paid the $5.00 filing fee. [R. 3.]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates King's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts King's factual allegations as true, and construes his legal claims

in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because King has not exhausted his state court remedies.

**I**

Following a jury trial in the United States District Court for the District of Arizona, a jury found King guilty of various drug trafficking charges, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846(a)(1), and of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1) and (h). *See United States v. Richard Alan King, aka William Wallace Keegan,* CR 08-045 PHX SRB [D. Ariz., R. 474 therein]. King was sentenced on December 10, 2009, and received concurrent life sentences on Counts 1-5 of the Second Superseding Indictment and a concurrent 240-month sentence on Count 6 of that same indictment. [*Id.*, R. 659.]

On April 26, 2010, the State of Florida filed a detainer against King concerning charges pending against him in the Seventeenth Judicial District for the State of Florida in Case No. 78001397CF10F-000. [R. 1-1, at 1.] King states that more than eight months ago, he filed a motion in the Florida state court where these charges are pending to quash the detainer and to dismiss the charges for violating his Sixth Amendment right to a speedy trial, but that the prosecutor has filed no response to his motion. King also implies that the state court has not ruled on this motion. Based on these efforts, King contends that he has exhausted his state remedies, entitling him to relief from this Court.

**II**

In this habeas petition, King seeks to enforce his rights to a speedy trial or, alternatively, to quash the Florida detainer. Before this Court can properly consider King's habeas petition, he must first exhaust his available state court remedies. *See Hafley v. Sowders*, 902 F.2d 480, 483

(6th Cir. 1990). While King has filed a motion in the Florida state court where the charges are pending to quash the detainer and dismiss the charges, it appears that he has not complied with Florida Rule of Criminal Procedure 3.191(e) and the provisions of the Interstate Agreement on Detainers ("IAD") to obtain the desired relief. Thus, he has not demonstrated exhaustion of state court remedies or the futility thereof.

Fla. R. Crim. P. 3.191(e) provides:

> **(e) Prisoners outside Jurisdiction**. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor. For these persons, the time period under subdivision (a) commences on the date the last act required under this subdivision occurs. For these persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur before the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing in this rule shall affect a prisoner's right to speedy trial under law.

However, prisoners such as King, are not without a remedy. That remedy is found in the IAD, which is a compact among the states, the District of Columbia, Puerto Rico, the Virgin Islands, and the federal government that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to custody of another jurisdiction where criminal charges are pending. The state of Florida is signatory to the IAD, as codified at Florida Statutes Annotated, § 941.45.

The IAD, as set out in § 941.45, provides that a prisoner held in federal custody or in the custody of another member state and against whom a detainer has been lodged on the basis of a pending Florida indictment or information is entitled, upon demand, to be brought to trial. Such

3

a prisoner is entitled to be promptly notified of the detainer and of his right to demand a trial. If the prisoner demands a trial and otherwise complies with the notification requirements of the IAD, he is entitled to be brought to trial within 180 days following the date on which his demand is delivered to the Florida court and the prosecutor in the county from which the detainer was lodged, or within 120 days following his arrival in Florida to answer to the charges. These periods may be extended for necessary or reasonable continuances. Upon expiration of one of these periods (plus any authorized extensions) without the prisoner being brought to trial, the prisoner is entitled to enforce his speedy trial rights under the IAD. To do so, he must comply with the requirements of Florida Rule of Criminal Procedure 3.191(p), by putting the prosecutor on notice that he or she has 15 days to bring the case to trial following the filing of a notice of expiration of speedy trial time. *Vining v. State*, 637 So.2d 921 (Fla. 1994); *Gee v. State*, 954 So.2d 83 (Fla. 1st DCA 2007); *State v. Garza*, 807 So.2d 790 (Fla. 2d DCA 2002).

Upon King's demand to be tried on the Florida state charges, in compliance with the IAD, absent any authorized extensions of time, he is entitled to be brought to trial within 180 days from the date on which his demand is delivered to the Florida court and to the prosecutor in the county from which the detainer was lodged. If he is not tried within that period of time, King has the right to enforce his right to a speedy trial under the IAD by giving the required notice to the prosecutor and then to file a motion to dismiss the charges. King's motion filed in the trial court to quash detainer and dismiss the charges makes no reference to the IAD; thus, it is insufficient to comply with and invoke the protections of the IAD. His alleged letters and telephone calls to the prosecutor's office regarding the detainer likewise are equally insufficient to comply with the provisions of the IAD.

4

For all of these reasons, King's habeas petition must be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Richard Alan King's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 25th day of June, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge